This morning indeed our last case of the day is case number four one zero zero eight nine zero. In re Charles K. And for the appellate we have Barbara Gobin and for the appellate we have Timothy Laundergan. Please proceed. May it please the court counsel my name is Barbara Gobin I represent the respondent Charles K. In his appeal of the November 5th 2010 involuntary commitment order. Basically we have one main issue on appeal whether the order violates Mr. K's statutory rights because the state failed to present an adequate predisposition report as required by section five three eight ten. Of the mental health code. And furthermore there's always the jurisdictional issue whether this case falls within the recognized exceptions to the Moody's doctrine. Some brief facts at the hearing the state submitted into evidence people's exhibit one. Which they identified as a social investigation a psychiatric history and treatment plan. The treatment plan did not state which is customary what day their plan to discharge him or the estimated date of treatment plan attainment. Furthermore it really didn't state what were his goals for the treatment. He's no longer committed right? Right. Why isn't this case moved? Because it's under we argue that this case falls under the public interest exception to the Moody's doctrine. Because basically there's a this is an issue of statutory interpretation what the state must do to comply to inform the court and the respondent. So it's a procedural issue more than a fact based. Hasn't this issue already been addressed by the court and published opinions however? Well it's been addressed by the third district but not by this district. And furthermore it's never been addressed on the issue of the time frame. It's a standard question on the mission. I mean Robin C does mention that they failed to mention the time frames. But this one is clearly there was no time frame either in the treatment plan or in Dr. Cook's testimony. So clear. So you don't think Robin C already addresses this particular issue? Well I think there needs to be clarification. I mean it does address it but we think because it's the state's burden to comply with the procedural requirements. It's not a fact specific where did he you know where it's the respondent, did he do enough actions to warrant the involuntary commitment? This is something the state's burden. So it's going to be repetitive on what their activity will be. On their burden of proof and the compliance with the code. And so there's a likelihood this question will occur because it's actually something that happens at every commitment hearing. They should inform the judge and the respondent what is the treatment plan attainment date. And it would be a simple question, what is the treatment plan attainment date? It also helps I think maybe relatives of the family to know when the person will be discharged. And the treatment plan is when they, why they formulated the treatment plan and put it such a prominence on under 810 making it a mandatory shall. Was that it would be for the policy to ensure that the person would get humane and treated. He wouldn't just be warehoused until the symptoms go away or until they get medicated. So it was a way for the judges and the court to be properly informed of what are the steps that need to be done in order for him to attain stability. And in this case, the treatment plan stated that was to involuntary commit the person. That was the, they say patient is in involuntary admission. I have completed the second certificate based on an ability to take care of self and others. And then there's some later on in the record, there's some notes from the doctor about his symptoms. Now there is case law where there's substantial compliance when if the doctor testifies that will be an adequate substitute for the treatment plan because then the court knows what the goals of the treatment are and their treatment plan attainment date. Here there was no clear testimony, even the state admits that there was no testimony about when he would be discharged, which I think is something when you're being committed. I mean, you don't have to give the exact date, but when you're being committed, and here's a person who hasn't committed any crime. So it's a serious deprivation of liberty. You would like to know when the date you'll get discharged or likely date, you know. So it's a goal for the patient. It's. Why isn't the 90-day period sufficient notice? Because sometimes it's less. I have cases where like the testifier said, well, it's, we think he'll be able to be discharged in a month. I think knowledge of the more, you know, exact knowledge of when you'll be discharged is helpful, not only to the court, but to the patient's relatives too, to know when the person will be discharged. It's probably hard to predict when he's going to be discharged, isn't it? And it is hard, but I've seen the testifiers testify, I mean, they're honest. Sometimes they say, well, this person's doing well, they'll only need a month. Or this person will only need two months. Sometimes when I've handled appeals down from Chester, you know, where they're long-term, you know, the treatment plan attainment date is longer than the three months. It's six months or a year. So sometimes even though the order's for 90 days, the testifier will say, well, he'll probably need a year before he'll be able to be discharged. But if you kept him more than 90 days, you'd have to come back to the court and get that permission, right? Right. But I just, with this, I think it's giving full knowledge both to the judge, the person being committed, interested parties of how long he or she will be committed. And that's why I think that I can't read the legislator's minds, but that's why they put it as a mandatory shall with the treatment plan attainment date. And I think this would be a guidance for the courts, for the petitioners here at the Fourth District to comply with the treatment plan. DHS has standard forms, and what they submitted was not the standard DHS form with regard to the treatment plan. In the absence of a ruling from the Fourth District, any trial courts in our district should follow the rulings of other districts, right? Oh, yes, of course, Your Honor. So why, the fact that there are other rulings out there, why isn't that good enough? I think, well, to be honest, sometimes I think they need reminders for the petitioner, you know, that this is the law, this is the area on this. How many times do we have to remind them? Well, I'm always an optimist, Your Honor. But I think this is a real interesting question. Like, you know, it's almost like, I hate to say cough gas, you're being committed, you want to know how long you'll, you know, if you're sentenced criminally, you know how long you'll be, pretty much, it reminds good behavior. I think the same respect should be due to a person being committed who didn't commit a crime. And, you know, it may be, you know, if the person knows they'll be discharged in a couple of weeks, they usually are sometimes more compliant, like, okay, I'll take the medicine if I know I'll be discharged in a month, you know, or if they find out it's longer, you know, then they're probably more resigned to it. You know, I think just fuller, I think the mental health code, the purpose is for fuller information to all parties. And I think, you know, the failure to provide a timeline with a treatment plan is a key component. Okay, you'll have rebuttal. Thank you very much. Mr. Launderden. Good morning, Your Honors. May it please the Court, Counsel. The state really only has two concerns on this appeal. The first being that we not put substance over form, or rather form over substance by creating basically a lot of areas where the state's attorneys or assistant state's attorneys commit reversible error by not dotting their I's and crossing their T's. We understand the purpose of this particular legislation and the need for it. In the same time, though, we want our other concern is to reduce the workload on this Court and reduce the incentive for appeals of this nature, and to do so by dissuading others from finding it necessary to bring these appeals in the first instance. So we would argue that, yes, the mootness doctrine applies, that this issue has been addressed already on more than one occasion. However, opposing counsel is accurate. In Robin C., the Court was concerned at that time with whether or not the trial court addressed what the goals were. You know, was there, actually it was the alternative placement. And I think that's a pretty big concern of all parties in this type of proceeding, whether or not the trial court adequately considers whether or not there's an alternative placement that could adequately treat this individual. However, that was addressed, I think, at some length by the psychiatrist that was called to testify in this proceeding. I think those questions were answered. So the only question that wasn't really specifically addressed that is suggested in the statute is this time frame for accomplishment of the goals. And as mentioned by Justice Cook, I recognize the statute says that. But there really is not a firm date by which I think any reasonable person can offer an explanation to the trial court. I mean, she does offer a time frame, but it's not suggested in terms of days of the month. She says when this individual takes their medication, gets back, you know, to where he has been in the past, is functional, we will then move him to an alternate facility, which is more appropriate setting for him. That's the goal. That's the appropriate goal. This isn't this guy's first time around the block. I think he was committed in the previous year under very similar circumstances. So he seems to be an individual who repeatedly quits taking his medication, which is not unusual. In my experience, I see enough of these to know that that's something that these courts are routinely faced with. They get off their meds. They become non-compliant and problematic. They're put back into a facility like this until they can get back on their medication and are able to function in society without some type of firmer setting or control. So the state's position initially is the issue is removed. Unless, of course, this court feels that Robin Seed doesn't adequately address it. In the event you find that there is a reason for the public interest exception, we would caution the court to create unnecessary trap doors for the litigators who are doing this on a regular basis. In this instance, whether or not the psychiatrist would have mentioned, I think this can be accomplished in two weeks, one month, two months. It would have been of no assistance to the trial court, in our opinion. It would have been nothing but a pure guess or speculation. She gave, I think, fair testimony. We don't know how long it's going to take. It's all dependent upon the compliance of this individual. And as the court pointed out before, if it is unsuccessful in the 90 days, then we're going to be back before this judge. And if the judge is hearing this same case on a repeated basis, at that time he's going to be concerned about the timeliness of it. He may inquire, you know, why didn't you get this done in the initial 90 days? What's the problem? What's the perceivable timeline for the accomplishment of these goals? And at that point, you know, there's a reason to address that issue specifically. In this setting, I don't think there was a reason. I think everybody understood what the goal was. Everybody understood the time frame for the accomplishment of those goals. That's why it wasn't specifically noted in testimony. But it is what it is. There's no other questions? Thank you. Thank you, counsel. Rebuttal, please. Just some points. The time frame is assistance to the trial court. Just to clarify, I've had cases where the social worker says, well, we think he'll be able to be discharged in 45 days. Sometimes the trial court then actually sets the matter for review in 60 days to see the person's progress. It's before the 90-day time frame. Judges who are more proactive, they set an intermediate time frame date to see the status of the progress and to see why this person hasn't been discharged by the date that the social worker says. There's no chance of that happening in this case, was there? No. Actually, it's not on the official record. He was actually discharged in early March, just to clarify. I mean, I was thinking about Mr. Lonergan's comment that this fellow had been through all this before. So the idea that he would be discharged in 45 days was not very likely, was it? Well, actually, it depends. Sometimes they have, I call them frequent customers or frequent consumers. And they're actually sometimes shorter than the person who has the initial psychiatric, schizophrenic break, who takes a long time to get okay. So it's really pretty individualistic. Though he knew the system. But this is a case where it's the state's duty to inform the court of how long it will take before you think he'll get well. I know that really doesn't answer the question, but. And the issue of muteness is in Alfred H.H., the Supreme Court stated that most of these mental health appeals does satisfy exception to the muteness doctrine. And this is not a case where was there enough facts to do a commitment or not. This was whether the state complied with the mental health code. And the state is arguing, well, this is a favor form over substance. But there's clear case law that because this is a deprivation of liberty, strict compliance needs to be done. And also, the mental health code should be read in favor of the respondent. And alternative placement was not the sole placement, was not the sole reason for this treatment plan. The legislature detailed that it is a time frame of the treatment plan. So if it wasn't important, they wouldn't have. They said the proposed treatment methods and projected timetable for their attainment. So it's clear in the statute that that's one of the elements that the state needs to be presented. And Dr. Cook, the only time frame Dr. Cook mentioned was affirmative to the question, do you think Mr. K should be committed for a period not to exceed 90 days? So our interpretation was that question was more of a question, do you think he needs to be committed, not how long he should be. But there was no exact time frame. I've had enough experience where they usually give like, well, we think he'll be discharged in a month or 45 days. Or if it's longer, then at least it informs the party of how long they'll be committed. Thank you. Thanks to both of you. The case is submitted. The court stands in recess until further call.